UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| NEVADA FAIR HOUSING CENTER, INC., | ) | |
| Plaintiff, | ) ) | 02:05-CV-00948-LRH (PAL) |
| v. | ) ) | **O R D E R** |
| CLARK COUNTY, a political subdivision of the State of Nevada, and BARBARA GINOULIAS, individually and in her capacity as Director of the Department of Comprehensive Planning, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Presently before the court is a Motion to Dismiss and Motion to Require Joinder of Necessary Party (# 2[1]) filed by defendants Clark County and Barbara Ginoulias ("Ginoulias"). Clark County and Ginoulias have also filed a supplement to their motion (# 6). Nevada Fair Housing Center, Inc. ("NFHC") has filed an opposition (# 8) and Defendants replied (# 10).

**I. Factual Background**

This is an action brought pursuant to the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, challenging a provision of the Clark County zoning ordinance that allegedly discriminates against people with disabilities. NFHC is a nonprofit Nevada corporation that promotes the "equal opportunity in the rental of housing and elimination of all forms of illegal housing discrimination."

---

[1]Refers to the court's docket number.

(First Am. Compl. ¶ 4.) Ginoulias is the Director of the Department of Comprehensive Planning, the agency responsibly for enforcing Clark County's zoning ordinance. *Id*. ¶ 6.

The first amended complaint "alleges that defendants have engaged in a pattern or practice of discrimination on the basis of disability through the enactment and enforcement of land use regulations governing the location of group homes for disabled persons." (Pl.'s Opp'n to Mot. to Dismiss (# 8) at 2-3.) Specifically, the first amended complaint alleges that Clark County denied applications to operate group homes on the ground that the proposed group homes were within 1,500 feet of another group home. (First Am. Compl. ¶¶ 18-21.) In addition, the first amended complaint alleges that "Clark County planning staff, acting under the direction and supervision of defendant Ginoulias or her agents, . . . [discouraged individuals] from applying for zoning permission to operate such homes because of the minimum separation requirement imposed under Clark County Code § 30.44.020." *Id*. ¶ 22. Defendants are currently seeking to dismiss NFHC's claims against Ginoulias in her individual capacity and joinder of the state of Nevada as a necessary party to this action. The court will address each issue below.

**II. Motion to Dismiss**

    **A. Legal Standard**

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'Ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether [he or she] is entitled to offer evidence in

support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982)). Consequently, the court should not grant a motion to dismiss "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995).

**B.  Discussion**

In seeking to dismiss the claims against Ginoulias, defendants argues that the first amended complaint does not contain any allegations against Ginoulias in her individual capacity. (Mot. to Dismiss (# 2) at 4.) Alternatively, defendants argue that the first amended complaint should be dismissed on the basis of qualified immunity because NFHC has failed to allege a violation of a clearly established right. *Id*. at 5. NFHC responds by arguing that Ginoulias is liable for discrimination due to her role as a supervisor. (Pl.'s Opp'n to Mot. to Dismiss (# 8) at 5.) In addition, NFHC argues that Ginoulias is not entitled to qualified immunity because the complaint sufficiently alleges a violation of clearly established law. *Id.* at 8.

Public officials are provided with a qualified immunity "'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Spoklie v. Montana*, 411 F.3d 1051, 1060 (9th Cir. 2005) (quoting *Jensen v. City of Oxnard*, 145 F.3d 1078, 1085 (9th Cir. 1998)). This immunity is granted broadly and "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Moran v. Washington*, 147 F.3d 839, 844 (9th Cir. 1998) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

When determining whether qualified immunity is applicable, the burden is on the plaintiff to prove the alleged right was clearly established at the time it was violated. *Id.* To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640

(1987). Once a plaintiff has met their burden, the burden shifts to the defendant to show that a reasonable official could have believed the conduct was lawful. *See Act Up!/Portland v. Bagley*, 988 F.2d 868, 871 (9th Cir. 1993).

For purposes of this motion only, the court will assume that Plaintiff has met its burden of showing a violation of a clearly established right. With this assumption, the burden shifts to Ginoulias to show that a reasonable official could have believed the alleged conduct was lawful. *Id*. Section 278.021 of the Nevada Revised Statutes mandates that the governing body of a county whose population is 100,000 or more "establish by ordinance a minimum distance between residential establishments that is at least 660 feet but not more than 1,500 feet." Nev. Rev. Stat. § 278.021(4). In compliance with this statute, Clark County enacted County Code § 30.44.020, which requires a group home to have a minimum separation of 1,500 feet from any existing group home. *See* Clark County Code § 30.44.020.

All factual allegations in the first amended complaint relate to either denying applications for a group home, or discouraging such applications, because the proposed home was within 1,500 feet of another group home.[2] (First Am. Compl. ¶¶ 18-22.) Therefore, the factual allegations against Ginoulias arise out of her actions taken in accordance with a duly enacted ordinance.[3] Officials who rely on a duly enacted ordinance are "ordinarily entitled to rely on the assumption that the council members have considered the views of legal counsel and concluded that the ordinance is a valid and constitutional exercise of authority." *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994). Looking at the facts in the light most favorable to Plaintiffs, the court finds that it was reasonable for Ginoulias to believe that her conduct was lawful. Therefore, the court finds that Plaintiff's claim against Ginoulias in her individual capacity is barred by

---

[2] The court will not necessarily assume the truth of legal conclusions cast in the form of factual allegations. *See Clegg*, 18 F.3d at 754-55.

[3] The issue of whether this ordinance violates the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, is not in front of the court at this time.

4

qualified immunity.

### III. Joinder

In addition to seeking dismissal of the claim against Ginoulias in her individual capacity, Defendants argue that the State of Nevada must be joined in this action pursuant to rule 19 of the Federal Rules of Civil Procedure. (Mot. to Dismiss (# 2) at 8.) NFHC does not have a "strong objection" to joining the State of Nevada but argues that joinder is not required. (Pl.'s Opp'n to Mot. to Dismiss (# 8) at 9.)

Rule 19(a) requires the joinder of a party to an action if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).

In seeking joinder of the State of Nevada, Defendants have represented that failing to join the State of Nevada will lead to inconsistent obligations in the incorporated and unincorporated parts of Clark County. Furthermore, it appears that the court would not be able to find that the ordinance at issue violates the Fair Housing Act without also finding that section 278.021(4) of the Nevada Revised Statutes violates the Fair Housing Act. Based on the foregoing, the court will order the joinder of the State of Nevada as a rule 19(a) party. Should the State of Nevada believe that it should not be joined in this action, the court notes that it has the option of filing a motion to dismiss.

///

///

///

///

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss and Motion to Require Joinder of Necessary Party (# 2) is hereby GRANTED.  NFHC's claims against Ginoulias in her individual capacity are hereby DISMISSED.  NFHC is hereby ordered to file an amended complaint within thirty (30) days of this order adding the State of Nevada as a defendant to this action.

IT IS SO ORDERED.

DATED this 13th day of January, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE