UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA FAIR HOUSING CENTER, INC.<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CLARK COUNTY, a political subdivision of the State of Nevada, BARBARA GINOULIAS, in her official capacity as Director of the Clark County Department of Comprehensive Planning; and MIKE WILLDEN, in his official capacity as Director of the Nevada Department of Health and Human Services,<br><br>　　　　　Defendants. | Case No. CV-S-05-0948-LRH-PAL<br><br>**AMENDED**<br>STIPULATED INJUNCTION AND CONTINUANCE BETWEEN PLAINTIFF AND DEFENDANT MIKE WILLDEN, DIRECTOR OF THE NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>AND　　　　ORDER |

This action was brought by plaintiff Nevada Fair Housing Center ("NFHC") against Mike Willden, Director of the Nevada Department of Health and Human Services (hereinafter referred to as the "State of Nevada"), and Clark County and Barbara Ginoulias, Clark County's Director of the Department of Comprehensive Planning, (hereinafter referred to as "Clark County"), alleging violations of the federal Fair Housing Act, 42 U.S.C. § 3604. Specifically, by way of a supplemental complaint filed June 25, 2007, plaintiff NFHC sought injunctive relief enjoining enforcement of certain Nevada state laws regulating group homes for disabled persons, alleging that those laws discriminate against persons with disabilities.

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

(Doc. # 67.) In its answer, the State of Nevada denied all material allegations made in plaintiff's supplemental complaint. (Doc. #75.) Plaintiff NFHC has filed a Motion For Partial Summary Adjudication Against Defendant Mike Willden Pursuant to Fed. R. Civ. P. 56(d). (Doc. # 78.) Defendant State of Nevada's response is due to be filed December 24, 2007.

The parties have entered into a stipulation. This proposed stipulated injunction and continuance involves only plaintiff's claims against the State of Nevada as made in the supplemental complaint filed in this action. Plaintiff NFHC has agreed to allow the State of Nevada until January *31*, 2008 to file its response to NFHC's Motion For Partial Summary Adjudication. The State of Nevada has agreed that while this litigation is pending the enforcement of the relevant sections of Assembly Bill 463 will not be enforced by the State of Nevada. Clark County does not oppose the continuance of the terms of the injunction.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

A. The State of Nevada, including all departments, agencies and divisions, is enjoined from enforcing the minimum distance requirement between "residential establishments" set forth in current Nevada Revised Statutes § 278.021(4) and Section 9 of Assembly Bill 463, and from requiring any governing body within the state to establish by ordinance a minimum distance between "residential establishments" as defined in Nevada Revised Statutes § 278.021(4) and Section 5 of Assembly Bill 463.

B. The State of Nevada, including all departments, agencies and divisions, is enjoined from enforcing the provisions of Section 11 of Assembly Bill 463 providing that if a governing body fails to enact ordinances complying with the spacing requirement set forth in Section 9 of Assembly Bill 463 by December 31, 2007, that "on that date the ordinances of the governing body shall be deemed to establish by operation of law a minimum distance between residential establishments of 2,500 feet."

C. The State of Nevada, including all departments, agencies and divisions, is enjoined from enforcing Section 8(1)(b) of Assembly Bill 463 providing that "as a prerequisite to the approval or issuance of any rezoning, zone variance or special use permit that is necessary" to operate a residential establishment, the governing body of a county or city must "ensure

that the residential establishment will be located an operated in accordance with" the spacing requirements of Nevada Revised Statutes §278.021.

    D. The State of Nevada, including all departments, agencies and divisions, is enjoined from enforcing Section 9 of Assembly Bill 463 purporting to amend Nevada Revised Statutes § 278.021 to provide that, "[e]xcept as otherwise provided in section 8 of this act, the governing body of a county or city shall not refuse to issue a special use permit to a residential establishment that meets local public health and safety standards."

    E. The State of Nevada, including all departments, agencies and divisions, is enjoined from enforcing Section 10 of Assembly Bill 463 which purports to add a new subsection 11 to Nevada Revised Statutes § 449.040 requiring persons seeking a license to operate a residential facility "subject to the distance requirements set forth in subsection 3 of NRS § 278.021," to submit "evidence satisfactory to the Health Division that the residential establishment will be located and operated in accordance with the provisions of that subsection."

    F. The State of Nevada, including all departments, agencies and divisions, is enjoined from enforcing Section 7 of Assembly Bill 463 requiring each county and city to conduct an investigation or survey to identify each group home (as that term is defined in Section 7(6)) within its jurisdiction and to transmit that information to the Health Division. Nothing in this order shall be construed to prohibit the State of Nevada from making information regarding licenses issued by the Health Division available to the public, nor to prohibit the State of Nevada from sharing licensing information with federal, state or local authorities providing emergency services or undertaking criminal investigations.

    G. The State of Nevada shall have until January 31, 2008 to file its response to NFHC's Motion For Partial Summary Adjudication.

. . . .

. . . .

. . . .

. . . .

This order shall remain in force and effective until this Court issues its order regarding NFHC's Motion For Partial Summary Adjudication.

Ordered this  27th  day of December 2007.

_____
Hon. Larry R. Hicks
United States District Judge

*Agreed to by the parties as indicated by the electronic signatures of counsel below.*

| FOR PLAINTIFF NFHC: | FOR DEFENDANT MIKE WILLDEN: |
|---|---|
| /s/ | /s/ |
| Christopher Brancart | Trina M. Dahlin |
| BRANCART & BRANCART | DEPUTY ATTORNEY GENERAL |
| Post Office Box 686 | Health and Human Services Division |
| Pescadero, California 94060 | 100 North Carson Street |
| (650) 879-0141 | Carson City, Nevada 89701 |
| cbrancart@brancart.com | (775) 684-1133 |
| Date: December 26, 2007. | tmdahlin@ag.state.nv.us |
| | Date: December 24, 2007. |

FOR DEFENDANT CLARK COUNTY:

/s/
Robert T. Warhola
DEPUTY DISTRICT ATTORNEY
500 South Grand Central Pkwy
Las Vegas, Nevada 89155
(702) 455-4761
WarholR@co.clark.nv.us
Date: December 26, 2007